**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-21

UNITED STATES TAX COURT

NICHOLAS MATTHEW BROWN AND REBEKAH BROWN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29692-11S.                    Filed March 4, 2013.

Nicholas Matthew Brown and Rebekah Brown, pro sese.

Michael A. Skeen, for respondent.

SUMMARY OPINION

HAINES, Judge:  This case was heard pursuant to section 7463 of the

Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code, as amended and in effect for the taxable years at issue, and all Rule

(continued...)

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $1,905 and $982 in petitioners' Federal income tax for 2007 and 2008, respectively. The issues for decision are whether petitioners are entitled to deductions claimed on Schedules A, Itemized Deductions, for unreimbursed business expenses of $12,693 and $6,590 for 2007 and 2008 (years at issue), respectively.

## Background

Some of the facts have been stipulated and are so found. Those exhibits attached to the stipulations which were found relevant and admissible are incorporated herein by this reference. At the time petitioners filed their petition, they resided in California.

During the years at issue petitioner Nicholas Brown was employed as an electrician for Vander Bros. Electric in Roseville, California. Mr. Brown's employer sent him to various jobsites within the general metropolitan area. Mr. Brown worked at several jobsites during the years at issue, including a jobsite at

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

Sacramento High School. As part of his job, Mr. Brown drove back and forth to shop for supplies at material supply stores.

On October 17, 2011, respondent sent petitioners a notice of deficiency for the years at issue. Respondent disallowed petitioners' itemized deductions of $12,693 and $6,590 for 2007 and 2008, respectively, for unreimbursed employee expenses. Petitioners timely filed a petition with this Court on December 28, 2011.

Discussion

Respondent determined that petitioners are not entitled to Schedule A itemized deductions related to Mr. Brown's automobile because they have failed to substantiate his business mileage for the years at issue. Alternatively, respondent argues that petitioners are not entitled to the Schedule A itemized deductions because Mr. Brown was an employee and not an independent contractor since he spent most of his time at the same jobsite at the Sacramento High School for both years at issue.

Deductions are a matter of legislative grace, and the taxpayer must prove he is entitled to the deductions claimed.[2] Rule 142(a); New Colonial Ice Co. v.

---

[2]Petitioners do not argue that the burden of proof shifts to respondent pursuant to sec. 7491(a), nor have they shown that the threshold requirements of

(continued...)

Helvering, 292 U.S. 435, 440 (1934). Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Pursuant to section 274(d), however, automobile expenses otherwise deductible as a business expense will be disallowed in full unless the taxpayer satisfies strict substantiation requirements. The taxpayer must substantiate the automobile expenses by adequate records or other corroborating evidence of items such as the amount of the expense, the time and place of the automobile's use, and the business purpose of its use. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); Rasmussen v. Commissioner, T.C. Memo. 2012-353.

To satisfy the adequate records requirement of section 274(d), a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a

_____

[2](...continued)
sec. 7491(a) have been met. In any event, we decide the issue on the basis of the preponderance of the evidence.

contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element," and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

If a factual basis exists to do so, the Court may in another context approximate an allowable expense, bearing heavily against the taxpayer who failed to maintain adequate records. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930) (Cohan rule); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). However, section 274(d) overrides the Cohan rule with respect to section 280F(d)(4) "listed property" and thus specifically precludes the Court from allowing automobile expenses on the basis of any approximation or the taxpayer's uncorroborated testimony.

In lieu of substantiating the actual amount of any expenditure relating to the business use of a passenger automobile, a taxpayer may use a standard mileage rate as established by the Internal Revenue Service. See sec. 1.274-5(j)(2), Income Tax

Regs. The use of the standard mileage rate establishes only the amount deemed expended with respect to the business use of a passenger automobile. Id. The taxpayer must still establish the amount (i.e., business mileage), the time, and the business purpose of each use. Id.

Mr. Brown has failed to show that he is entitled to claim the business miles respondent disallowed under the adequate records requirement of section 274(d). Mr. Brown kept a contemporaneous notebook in which he logged the business use of his personal vehicle. The logs included odometer readings and start and end dates, though they did not include destinations. Mr. Brown's logs were not entered into evidence. Instead Mr. Brown testified as to his making of the mileage logs and to the general contents of the records. Mr. Brown's testimony was not specific and thus failed to provide the information necessary to establish the elements of the deductions in the absence of adequate records, i.e., actual business milage, dates, places, and the business purpose. Moreover, the Cohan rule prevents the Court from allowing automobile expenses on the basis of any approximation of the taxpayer's uncorroborated testimony. Thus we find for respondent and deny petitioners' claimed Schedule A itemized deductions.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.